**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

A. I. O.T.,

*Petitioner*,

v.

LUIS SOTO, *et al.*,

*Respondents*.

Civil Action No. 26-cv-08600

**ORDER**

**WILLIAMS, District Judge**

**THIS MATTER** comes before the Court on the Amended Petition for a Writ of Habeas Corpus ("Amended Petition") filed by Petitioner A.I.O.T. ("Petitioner"), pursuant to 28 U.S.C. § 2241, challenging the lawfulness of his continued immigration detention under 8 U.S.C. § 1225(b), notwithstanding his longstanding residence in the United States. (ECF No. 7.)[1] Also before the Court is Petitioner's Emergent Motion for Temporary Restriction of Public Access, Leave to Proceed Under Initials, Amendment of the Public Caption, and Substitution of Redacted Public Filings ("Motion"). (ECF No. 6.)[2]

**WHEREAS**, according to the Amended Petition (ECF No. 7), Petitioner is a native and citizen of Nigeria who was admitted to the United States as a nonimmigrant visitor in November 2009, later obtained nonimmigrant student status to attend New York University, has resided continuously in the United States since his admission, and earned a graduate business degree (ECF

[1] The Amended Petition supersedes the original Petition. (ECF No. 1.)
[2] The Amended Motion supersedes the original Motion. (ECF No. 3.)

No. 7 ¶¶ 52–58); and

**WHEREAS**, Petitioner alleges he resides in Connecticut with his wife of more than twenty years and their three United States-citizen children, and has established professional, family, and community ties in the United States (*id.* ¶¶ 32–34; 46–48); and

**WHEREAS**, according to the Petition, on July 11, 2026, Petitioner and his wife appeared at Westchester County Airport to board a domestic flight to Santa Fe, New Mexico, where immigration officers requested and reviewed Petitioner's identification and travel documents, and Petitioner alleges he complied with the officers' requests (*id.* ¶¶ 62–67); and

**WHEREAS**, Petitioner alleges he was detained at the airport, transported to Newburgh, New York for immigration processing, served with a Form I-200 administrative warrant and a Notice to Appear charging him as removable under 8 U.S.C. § 1227(a)(1)(B) based on an alleged overstay, and was thereafter transferred to the Delaney Hall Detention Facility in Newark, New Jersey, where he remains in immigration custody (*id.* ¶¶ 70; 77–79; 115–119); and

**WHEREAS**, according to the Petition, Petitioner alleges that he has no known criminal history, was not charged with any criminal offense arising from the July 11, 2026 encounter, and remains detained solely pursuant to civil immigration proceedings (*id.* ¶¶ 102; 116); and

**WHEREAS**, the Court has reviewed the Petition (ECF Nos. 1, 7), the Motion (ECF Nos. 3, 6), and the record, and resolves this matter on statutory grounds; and

**WHEREAS**, it appears to the Court, at a minimum, that Petitioner is being unlawfully detained under Respondents' repeated invocation of 8 U.S.C. § 1225 because, as set forth in this Court's recent decision in *Bethancourt Soto v. Soto*, ____ F. Supp. 3d ______, No. 25-16200, 2025 WL 2976572 (D.N.J. Oct. 22, 2025), Petitioner was apprehended inside the United States after residing here for an extended period, and therefore he should have been detained under 8 U.S.C.

§ 1226, which requires an opportunity to seek bond; and

**WHEREAS**, the Court notes that federal courts have in near unanimity similarly rejected the Government's position in approximately 300 cases to date, a number which climbs with every passing day. *See, e.g., Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 WL 3218243, at *4–5 (E.D. Pa. 2025) (noting "the law is clear" and that "of the 288 district court decisions to address the issue, 282 have determined that § 1226(a) applies or likely applies in situations similar to those presented here. Those decisions are plainly correct."); *see also* App., *Demirel,* 2025 WL 3218243 (ECF No. 11-1) (collecting cases); and

**WHEREAS**, under these circumstances, "Petitioner's arrest and detention were blatantly unlawful from the start, the only commensurate and appropriate equitable remedy to even partially restore [Petitioner] is to immediately release him and enjoin the Government from further similar transgressions" *Martinez v. McAleenan*, 385 F. Supp. 3d 349, 366, 373 (S.D.N.Y. 2019) ("[T]he Supreme Court has repeatedly upheld prisoners' rights to challenge the constitutionality of their detentions, and allow[ed] courts to implement corrective remedies, regardless of whether there were other bases for the petitioners to be subsequently detained"). The Court declines to allow Respondents to transform an unlawful detention into a lawful one through alternative, retrospective, *post hoc* justification presented mid-litigation, as doing so would give the Government a free pass to violate a person's statutory and constitutional rights first and search for authority later. *See, e.g.*, *Lopez-Campos v. Raycraft*, No. 25-12486, 2025 WL 2496379, at *7 & n.4 (E.D. Mich. Aug. 29, 2025) (citing cases) ("The Court cannot credit this new position that was adopted *post-hoc*, despite clear indication that Lopez-Campos was not detained under this provision"); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 486 (S.D.N.Y. 2025) (releasing petitioner and explaining that the court "cannot credit Respondents' new position as to the basis

for . . . detention, which was adopted *post hoc* and raised for the first time in this litigation"); *Arias Gudino v. Lowe*, 785 F. Supp. 3d 27, 46 n.8 (M.D. Pa. 2025) (releasing petitioner and discussing the impropriety of allowing the government to proceed on "*post hoc* justifications for detention"); *cf. Marshall v. Lansing*, 839 F.2d 933, 943–44 (3d Cir. 1988) ("[W]hen reviewing an administrative agency's decision, a court is generally not seeking some hypothetical rational support for the agency's action. A court must review the agency's actual on-the-record reasoning process . . . not a *post hoc* rationalization, or agency counsel's in-court reasoning"); therefore

**IT IS,** on this 13th day of July 2026,

**ORDERED** that Petitioner's § 2241 Petition (ECF No. 1) is **GRANTED**; and it is further

**ORDERED** that Respondents shall **RELEASE** Petitioner **WITHIN 24 HOURS** of this Order, under the same conditions that existed prior to his detention; and it is further

**ORDERED** that Respondents shall file a letter on the docket confirming the date and time of Petitioner's release; and it is further

**ORDERED** that Respondents are **ENJOINED** from rearresting or otherwise detaining Petitioner under § 1225, which this Court has found inapplicable to him; and it is further

**ORDERED** that, should Respondents later detain Petitioner, this Court retains jurisdiction over the matter and Petitioner may move to promptly reopen this case, at which time the Court may take further action as appropriate; and it is further

**ORDERED** that Petitioner's Motion (ECF No. 3) is **GRANTED** for the reasons set forth therein. The Clerk shall amend the caption to name Petitioner as "A.I.O.T.", restrict public access to Petitioner's original unredacted filings, and docket any substituted redacted filings in accordance with this Order; and it is further

**ORDERED** that the Clerk of the Court shall **CLOSE** this case.

**Hon. Karen M. Williams,**
**United States District Judge**